[761 NYS2d 266]

In the Matter of PHILIP MARK MORELL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 9, 2003

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*Philip M. Morell,* White Plains, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing nine charges of professional misconduct. After a hearing on June 19, 2002, the Special Referee sustained all nine charges.

The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affidavit in support of the petitioner's motion and asks that the Court permit him to continue practicing law.

Charge One alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent represented Donald Feldman and Debra Feldman in a personal injury action in the Civil Court, Bronx County, in 1997. On or about June 6, 1997, that case was dismissed and marked off the trial calendar. A motion thereafter was made to vacate the dismissal and restore the matter to the trial calendar. The respondent advised the Feldmans, on or about September 20, 1997, that their motion had been granted and that the case had been restored to the trial calendar. At the time, the respondent knew that the case had not been restored.

Charge Two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On multiple occasions, the respondent falsely advised the Feldmans that their case was awaiting a trial date and was the subject of settlement conferences and negotiations. At the time he made such representations to Donald and/or Debra Feldman, the respondent knew that none of those activities was actually taking place.

Charges Three through Nine also allege violations of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleges that the respondent provided the Feldmans with a copy of a note card, which he falsely labeled a

court document, indicating that their case was scheduled for trial on December 9, 1997. The respondent had fabricated the note card. At the time he provided the note card, the respondent knew that the Feldmans' case was not actually scheduled for trial on the stated date.

Charge Four alleges that the respondent falsely advised the Feldmans that the insurance carriers for the defendants in their action had offered to settle the case for a total of $200,000. At the times he so advised the Feldmans, the respondent knew that the insurance carriers had only offered a settlement totalling approximately $140,000.

Charge Five alleges that the respondent, on or about December 8, 1997, had the Feldmans execute a release for the purpose of settling the case for $200,000. At the time, the respondent knew that there was no actual settlement offer in that amount.

Charge Six alleges that the motion to vacate the order of dismissal and restore the Feldmans' case to the trial calendar was granted by decision and order dated November 1, 1997. The respondent altered the copy of the decision and order that he provided to the Feldmans by obscuring the dates. He made the alteration for the specific purpose of preventing the Feldmans from discovering that he had been misleading them about the issuance date of the order.

Charge Seven alleges that the respondent was retained by Russell Bateman in or about June 1995 to pursue the collection of a judgment that Mr. Bateman had against Lauraine Topaz, also known as Lauraine Campbell. The respondent thereafter engaged in various efforts to try to locate Ms. Topaz and/or any assets that could be used to satisfy Mr. Bateman's judgment. In or about January 1996, the respondent advised Mr. Bateman that assets had been located which could be used to satisfy his judgment. The respondent knew, at the time, that no such assets had been located.

Charge Eight alleges that the respondent confirmed to Mr. Bateman by letter dated January 22, 1996, that a pool of assets was available to compensate him. At the time, he was aware that no such assets had been located.

Charge Nine alleges that prior to confessing his misrepresentation to Mr. Bateman in or about April 1996, the respondent continued to represent him and to communicate with him under the pretense that assets had been located from which his judgment could be satisfied. In fact, the respondent knew that such assets were never located.

Inasmuch as there are no contested issues, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his remorse, his complete cooperation with the petitioner, and his acceptance of full responsibility for his actions. The respondent concedes that his misconduct is not excused by the fact that the Feldmans' action was eventually restored to the court's trial calendar. The respondent derived no financial benefit from his misrepresentations and waived all fees and expenses. The Feldmans received approximately $100,000 from the settlement of their case.

With respect to the Bateman matter, the respondent explained the efforts undertaken to locate assets of the judgment debtors. The respondent derived no financial benefits from his misrepresentations. After his misrepresentations, the respondent assumed responsibility for making Mr. Bateman whole and paid the amount of the judgment from his personal funds.

The respondent notes that his misrepresentations and omissions occurred at a time of extreme personal and professional stress for which he sought psychological counseling and treatment. Other than a letter of admonition dated March 21, 2002, his record is unblemished.

In his affidavit in response to the petitioner's motion to confirm, the respondent notes that he has corrected the problems associated with his misconduct by the addition of two partners and the use of new office techniques.

Having considered both the multiplicity of charges, which emanate from two separate attorney/client relationships, and the mitigation offered by the respondent, in particular, the remedial efforts he has undertaken, we suspend the respondent from the practice of law for one year.

PRUDENTI, P.J., RITTER, FEUERSTEIN, SMITH and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Philip Mark Morell, is suspended from the practice of law for a period of one year, commencing July 9, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that

during the said period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (3) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Philip Mark Morell, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.